■ In the Matter of the Claim of GEORGE BUNDSCHUH, Respondent, v. RIVERDALE MEAT COMPANY, INC. et al., Respondents, and SPECIAL DISABILITY FUND, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the Special Disability Fund under subdivision 8 of section 15 from a decision of the Workmen's Compensation Board which held it liable for compensation awarded. On October 2, 1953 claimant sustained an accident while working as manager of a meat market, resulting in injuries to his neck and cervical spine, for which awards have been made. On November 3, 1954 the carrier filed a claim for reimbursement based upon a "marked loss of hearing in the left ear incurred on April 29, 1948 ". Claimant had a previous accident on April 29, 1948 where loss of hearing was claimed in a third-party suit. The only evidence in the record pertaining to this previous loss of hearing consists of medical reports showing varying loss of hearing from 35 to 70 decibels. There is no evidence of the percentage or degree of loss or the effect of the loss upon employment. Claimant, who is really the owner of the business of the corporate employer, does not claim that any loss of hearing interfered with or affected his work. The most

that can be said of this record is that some loss of hearing was established. The extent or effect of it is undisclosed. There is no evidence that it constituted a handicap to employment or had any bearing on claimant's employability. Neither is there anything to indicate that there is any greater disability than that which resulted from the last accident alone. We find no substantial evidence in this record that claimant was suffering from a permanent physical impairment within the meaning of subdivision 8 of section 15 so as to warrant charging the Special Fund with liability. Decision reversed, with costs to appellant, and the matter remitted to the Workmen's Compensation Board.